IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN MOHR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NEW PENN FINANCIAL, LLC, | ) |
| doing business as SHELLPOINT | ) |
| MORTGAGE SERVICING, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Brian Mohr brings this action to secure redress from unlawful credit reporting practices of defendant New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §§1681p (FCRA) and 1692k (FDCPA).

3. Venue in this District is proper because defendant is subject to jurisdiction here and the case concerns a loan secured by real estate within the District that was discharged in a bankruptcy proceeding in this District.

1

## PARTIES

4. Plaintiff Brian Mohr is a resident of Florida. He formerly lived in Merrillville, Indiana, and is still on the recorded owner of property located in Merrillville.

5. Defendant New Penn Financial, LLC is a limited liability company with principal offices at 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462. It does business as Shellpoint Mortgage Servicing ("Shellpoint").

6. Shellpoint does business in Indiana. Its registered agent and office is Corporation Service Company, Address:   135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

7. Shellpoint is a "special servicer" of residential mortgage loans for others. A "special servicer" is one that services defaulted loans, as opposed to performing loans.

8. Shellpoint obtains rating as a "special servicer" of loans, enabling it to acquire business of that nature.

9. Shellpoint uses the mails and telephone system in its special servicing business.

10. Shellpoint is a debt collector as defined in the FDCPA.

## FACTS

11. In 2005, plaintiff encountered financial hardship and filed a chapter 7 bankruptcy proceeding, 05-68035 (N.D.Ind.).

12. Among the debts scheduled was a mortgage loan, then serviced by Chase and secured by plaintiff's then-residence in Merrillville, Indiana. (Exhibit A)

13. Chase obtained relief from the automatic stay to proceed with a foreclosure case, but never followed through with a foreclosure action.

14. Plaintiff received a discharge in June, 2006. (Exhibit B)

15. Plaintiff continued making payments to Chase after his discharge. Chase took no action to foreclose. (Exhibit C)

16. About 2010, plaintiff moved to Florida and his daughter began living in the property instead of him.

17. On information and belief, plaintiff's daughter continued making payments to Chase until 2017, when she ceased.

18. Shellpoint began servicing the loan in August, 2017, after plaintiff had been discharged, which is defined as an act of default, and after plaintiff's daughter ceased making payments to Chase.

19. Despite not acquiring the loan until more than 10 years after it was discharged, Shellpoint reported the loan as a delinquent debt on plaintiff's Experian credit report. Shellpoint also reported a substantial balance on the debt, and did not report that the debt had been discharged in a Chapter 7.

20. Plaintiff discovered this in December 2017 when plaintiff was denied an auto loan and had the credit limit on a credit card reduced.

21. Plaintiff disputed the "tradeline" with Experian, on the ground that it had been discharged and was not an obligation of plaintiff. (Exhibit D)

22. Plaintiff also disputed the reporting directly with Shellpoint (Exhibit E).

23. Experian communicated to Shellpoint the dispute plaintiff sent to it.

24. Shellpoint verified that the reporting of the debt as a personal obligation of plaintiff was correct. Experian notified plaintiff of the verification. (Exhibit F)

25. Shellpoint's verification was false. Plaintiff was not a debtor and there was no basis for reporting that he was obligated on the debt. It was also well past the time when a derogatory debt can be reported, and it is questionable whether a mortgage obtained after discharge can be reported at all by a new servicer.

26. Correspondence sent by Shellpoint to plaintiff indicated that Shellpoint had knowledge of the fact that the debt had been discharged, which suggests Shellpoint's conduct was willful.

27. As a result of Shellpoint's false statements, the item remains on plaintiff's credit reports.

28. Plaintiff was damaged as a result, through:

   a. Loss of credit;

   b. Loss of time and money dealing with Shellpoint;

   c. Aggravation and inconvenience.

29. Shellpoint reports debts for the purpose of coercing payment of them. *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a credit card debt to a CRA is a "powerful tool designed, in part, to wrench compliance with payment terms from its cardholder".

## COUNT I -- FDCPA

30. Plaintiff incorporates ¶¶1-29.

31. Defendant Shellpoint violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(8), and 1692e(10) with respect to plaintiff by representing to Experian and possibly other credit bureaus that plaintiff was liable to it on a mortgage loan.

4

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      i.      Statutory damages;

      ii.     Actual damages;

      iii.    Attorney's fees, litigation expenses and costs of suit.

      iv.    Such other or further relief as is appropriate.

## COUNT II – FCRA

32. Plaintiff incorporates ¶¶1-29.

33. Shellpoint violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to Experian when it contacted Shellpoint in the course of investigating plaintiff's dispute.

34. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> **(A) conduct an investigation with respect to the disputed information;**
>
> **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
>
> **(C) report the results of the investigation to the consumer reporting agency; and**
>
> **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the**

>> information and that compile and maintain files on consumers on a nationwide basis.
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

35. Shellpoint committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

36. Section 1681n provides:

   > **§1681n.  Civil liability for willful noncompliance**
   >
   > **(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
   >
   > > **(1)**
   > >
   > > > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
   > >
   > > **(2) such amount of punitive damages as the court may allow; and**
   > >
   > > **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

37. Section 1681o provides:

   > **§1681o.  Civil liability for negligent noncompliance**
   >
   > **(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
   >
   > > **(1) any actual damages sustained by the consumer as a result of the failure;**

> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

38.     Plaintiff is entitled to recover damages under 15 U.S.C. §1681p.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Shellpoint for:

      i.      Appropriate actual, punitive and statutory damages;

     ii.      Attorney's fees, litigation expenses and costs of suit;

    iii.      Such other or further relief as the Court deems proper.


                                      s/ Daniel A. Edelman
                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 of such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)